09-2601-ag
Nat'l Labor Relations Bd. v. Talmadge Park

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2008

(Submitted: July 15, 2009          Decided: June 23, 2010)

Docket No. 09-2601-ag

- - - - - - - - - - - - - - - - - - - - -x

NATIONAL LABOR RELATIONS BOARD,

                    Petitioner,

          - v.-

TALMADGE PARK,

                    Respondent.

- - - - - - - - - - - - - - - - - - - - -x

          Before:          JACOBS, Chief Judge, SACK, Circuit Judge,
                           and GOLDBERG, Judge.[*]

     The National Labor Relations Board petitions for enforcement of an order against respondent, Talmadge Park. The order issued on May 27, 2009 when the Board comprised only two members, and we accordingly deny the petition on the basis of New Process Steel, L.P. v. National Labor Relations Board, No. 08-1457, 2010 WL 2400089 (June 17, 2010).

_____

          [*] The Honorable Richard W. Goldberg, Judge of the United States Court of International Trade, sitting by designation.

Linda Dreeben, Deputy Associate General Counsel, National Labor Relations Board, for Petitioner.

William A. Ryan, Ryan & Ryan, LLC, New Haven, CT, for Respondent.

PER CURIAM:

The National Labor Relations Board petitions for enforcement of an order against respondent, Talmadge Park, pursuant to 29 U.S.C. § 160(e).  When the order issued on May 27, 2009, only two of the Board's five seats were filled.  Though the National Labor Relations Act stipulates a three-member quorum, it also permits the Board to delegate its authority to a group of three or more members, any two of whom may constitute a quorum of that delegate group.  See 29 U.S.C. § 153(b).  Anticipating a triple vacancy, the Board in 2007 delegated its authority to a three-member group that continued to exercise the Board's authority when the third member of the group vacated his seat.  Such was the situation when the Board issued the order that is the subject of this petition.

In Snell Island SNF LLC v. National Labor Relations Board, 568 F.3d 410 (2d Cir. 2009), we held that two Board members may exercise the Board's authority in such circumstances as a quorum of a three-member delegate group.

See id. at 424.  However, the Supreme Court has since overridden that holding in New Process Steel, L.P. v. National Labor Relations Board, No. 08-1457, 2010 WL 2400089 (June 17, 2010).  See id. at *8.  Recognizing that, on this point, Snell Island yields to New Process Steel, we conclude that the Board as constituted did not have the authority to issue the May 27, 2009 order against Talmadge Park.  The Board's petition is denied.